May it please the Court. My name is Rob Wendt and I've represented the plaintiff, Gene Meyer, throughout this. It's a pleasure to be here before you again. The issue today, of course, is whether the District Court abused its discretion in denying the plaintiff's petition for attorney's fees under the Equal Access to Justice Act. The issue of substantial justification hinges on whether the commissioner, in this case, can prove, because the commissioner has the burden of proof, whether the commissioner can prove that their position had a reasonable basis in law and in fact. And the commissioner has argued extensively that her position rested on an arguably defensible administrative record. Now, Meyer does not concede that argument. basis in law. In fact, it did not. And the District Court abused its discretion by relying on an erroneous view of the law that applied in this case. I would like to talk and address today several of the issues. First of all, what was the commissioner's position? And that's a critical issue. What were the errors of law that were committed with regard to the new evidence from the treating neurosurgeon, Dr. Bailey? The errors of law with regard to the failure of the administrative law judge to make any findings of fact about the effect of frequent medical treatment. And I would also like to touch on briefly how the purposes of the AJA should inform this Court's decision in this particular case with regard to both the access to the courts for the plaintiff and also the issue of curbing unreasonable exercise of government authority. And that would be, in this case, the failure to agree to a remand in this case without conceding any of the issues. All right. Before you begin all of that, it sounds like you're going to have a full plate in front of you. Certainly. You, in your brief, probably properly, concede that some of the arguments that the government made were substantially justified. So what I'm trying – can you just tell me in a couple of sentences which ones those are, which ones you concede were substantially justified? Well, what was substantially – well, first of all, the analysis should not look – should not take an item by item approach. I understand that, but I'm trying to understand your whole – you know, it's like, yes, you don't do item by item, but you have to consider all of them. If I don't know what color this one is, I can't say how it relates to that one, you know? Certainly, Your Honor. Well, let me address that directly. First of all, a lot of time was consumed in this case in establishing the construction or constructing the Commissioner's regulations regarding the Appeals Council's duty or lack of duty to articulate. That was a close case, and that was a reasonable position. No question about it. What was unreasonable from a legal perspective was the position of the Commissioner, first of all, that the evidence from Dr. Bailey was not new, nor was it material. And that position changed, and the Commissioner then substituted a different argument saying that there was substantial evidence to support the ALJ's decision to – or there was substantial evidence not to send it back, rather, to the Commissioner for a new hearing because there was evidence, substantial evidence, that supported the district court's finding that there was no reason to send this case back. Could I take one thing off the table? It appeared to me that you were conceding that the government was substantially justified with respect to its pre-litigation position. I've taken that off the plate, Your Honor. Okay, I just wanted to make – so that – just – so we're starting now with your listing of what you think was not substantially justified in the litigation position. That's exactly correct, Your Honor. And if you – if, in response to Judge Motz's question, you should – if you could just specify and perhaps number them and elaborate, I would find it most helpful. Thank you, Your Honor. I will. First of all, the government did concede, and this court found, that Dr. Bailey's opinion was new and material evidence. And that's important because new evidence is not merely cumulative or duplicative, but it's material. If there's a reasonable possibility that the evidence would have changed the outcome. So if the reasonable person test is what we use to determine substantial justification, it was clearly unreasonable for the Commissioner to take the position that this was new and material evidence, and yet it did not warrant a remand for a new hearing for its consideration. It was also error on the part of – and an abuse of discretion by the district court to find in its merits decision that the – Dr. Bailey's opinion was not new evidence warranting a remand of this case for a new hearing. That's all the same argument. It is. Next, evidentiary gap. It was clear from this court's ruling in the merits decision that there was an evidentiary gap here with regard to a treating physician's opinion. There was no treating physician's opinion until Dr. Bailey's opinion was submitted to the appeals council. And that played a role in his decision making according to the ALJ himself. So it was error for the Commissioner to argue that it didn't matter, that Dr. Bailey's opinion didn't matter, when the finder of fact, whose opinion was the final decision of the Commissioner, was that it was important. Is it your view that if the Commissioner lost an issue or was demonstrated to be wrong, that that in itself indicates that the position was not substantially justified, regardless of how close the question might have been? Well, here, once again, we have to get to look at the overall case and the totality of the circumstances. And so defining what the Commissioner's position was is really critical. And here, the position was that new evidence submitted to the appeals council did not warrant a remand for a new hearing. And second of all, that the failure of the administrative law judge to make any findings whatsoever regarding the vocational impact of frequent medical treatment, that that did not warrant a remand either. That was the position ultimately. I think we understand the position. What Judge Duncan was asking you is, do you think that the fact that you won on an argument establishes that the government was not substantially justified? I understand. No. Just because the plaintiff wins an argument doesn't really matter. It's not a scorekeeping issue, first of all. And that, of course, is the Roanoke River Basin Association case, which gets to that point. I think what's important is whether there is an issue or outcome determinative issue here. And what were the arguments advanced by the government? And were they reasonable or were they erroneous as a matter of law or fact? And I believe that that really has to be the focus, a broader perspective of it. But that seems to me to go back to my question of who won, not whether the position was substantially justified regardless of who prevailed. Well, the plaintiff was looking for a new day in court. And the commissioner wanted to say, you're done. This is over with. You lost. And in that sense, Meyer did win. He got another day in court. And that wasn't – no one – there was no dispute about that? All I'm asking – and you seem to be arguing it – you seem to be telling me that it doesn't matter how close the issue was, that what we look at is whether or not the government's position prevailed. You said it. You indicated that it didn't. But as you continue your discussion, it seems to devolve back to the government lost on a point. Yes, Your Honor. Well, just because the government lost doesn't mean that the government's position was not substantially justified. But the issue for us is whether in this particular case – well, let me just go back and say this, that it was important to deal with that particular issue regarding regulatory construction. And there is no question about that. But ultimately, was it reasonable for the government to oppose this remand? A lot of the argument in the district court on the merits of this case got into a discussion of evidence which had never been considered by the commissioner previously. And this court's ruling in the merits decision focused on the fact that it is the role of the commissioner to make findings of fact, not the courts. And yet, much of the case after the regulatory construction issue was resolved revolved around these issues. And the district court improperly intruded on the fact-finding role of the commissioner in evaluating this evidence to decide that, no, Myers should not get another day in court. And that, I think, is the essence of this case. Also, the fallback position before this court of the commissioner was that, well, even if Dr. Bailey's opinion was new and material evidence, it didn't really matter because there was other substantial evidence that would support the decision. And that is erroneous because the substantiality of evidence has to take in the good and the bad. It's not a one-way street. It has to take into consideration what, in the record, fairly detracted from the other evidence, all of which was factual evidence argued by the commissioner to the effect that this case did not warrant a remand. Additionally, the fact that on the secondary issue that the commissioner, the ALJ, never made any findings whatsoever about the effect of frequent medical treatment, that was in clear violation of agency policy that the findings of fact have to be made. And that should have gone back without a fight. I believe I'm out of time now. Thank you very much. You have some time reserved for rebuttal. Randall? Good morning. Jennifer Randall on behalf of the Commissioner of Social Security. May it please the court. The issue in this case is whether the district court abused its discretion when it denied Myers' request for attorney fees under the EJA. The district court found that the commissioner's position was substantially justified, which precludes an EJA award. While the commissioner had the burden before the district court of showing that her position was substantially justified, this court may only overturn the district court's order if it finds that the district court abused its discretion. The commissioner respectfully requests that this court affirm the district court's judgment because the district court did not abuse its discretion when it found that this was a close case about which reasonable minds could disagree. Myers' arguments about Dr. Bailey's opinion do not demonstrate that the district court abused its discretion. This court concurred with the commissioner's argument that nothing in the Social Security Act or Social Security regulations required the Appeals Council to make factual findings about Dr. Bailey's opinion when it declined Myers' request for review. And this court also concurred with the commissioner's position that the court should review the ALJ's decision in light of all of the evidence in the record to see if Dr. Bailey's opinion undermined the substantial evidence supporting the ALJ's decision. This court's decision resolved a split that was developing within the circuit about whether the Appeals Council was required to make factual findings in declining a request for review and clarified this court's position about how courts should look at Appeals Council evidence in such a case. As I understood the government's position, it was not that we should ignore Dr. Bailey's views, but rather that remand was Yes, Your Honor. It was our position that the ALJ's decision remained supported by substantial evidence even in light of Dr. Bailey's opinion. But wasn't that your ultimate fallback position to quote from another, I mean you had a variation on that first off. Before the district court, Your Honor? Yes. We did have some additional arguments that we made before the district court asserting not only that substantial evidence remained in the record, but also You said this wasn't new evidence. Right. We also argued that the evidence did not meet the requirements for new or material evidence. We did, when the matter came before this court, decide that we would not dispute whether it was new and material and instead we focused on the third prong of the analysis in terms of whether the opinion undermined the substantial evidence supporting the ALJ's decision. If I could just ask you in a little bit more detail about that. I had understood you made the first argument and not the second in the district court. That doesn't necessarily mean you lose here, but I'm just trying to understand exactly what happened. Or did you make alternative arguments in the district court? I believe that we made alternative arguments in the district court. I remember that the magistrate judge, I believe, both the district court judge and the magistrate judge recognized that regardless of whether the issue was, whether the evidence was new and material, there was still additional question to be resolved by the court. So that's not quite the same as you're making the argument. They're addressing this alternative is not quite the same as you're making alternative arguments. Were you counsel? Maybe you just don't know. I was counsel. And at this point, I don't clearly recall that aspect of our district court brief. I'm sorry. I assume here you didn't make alternative arguments. Would that be a reason for reversing the district court here? In other words, suppose you made one variation of this before the district court and you changed. As lawyers do frequently, change gears a little bit when they come to us. I don't think that that would render our position in the entire case unreasonable because I think, well, I don't specifically recall that aspect of our district court brief. We were consistent in our position that that the court could affirm the ALJ's decision based on all of the evidence in the record. I think that this court recognized in the Roanoke River Basin case that a change in position on an issue does not necessarily render the government's position in the entire case unreasonable where the overall position in the case as a whole was reasonable under the law and the facts. While the court disagreed with the commissioner's position that the ALJ's decision remained supported by substantial evidence, even in light of Dr. Bailey's opinion, that was one limited issue with regard to the numerous arguments that had been raised with regard to Dr. Bailey's opinion. And even with regard to this one limited issue, the commissioner's position in this case had a reasonable basis in law and fact. This court had previously affirmed an ALJ's decision where it remained supported by substantial evidence, even in light of Appeals Council evidence. That was Smith v. Chater. And while in Wilkins this court reversed an ALJ's decision, this court in Meyer distinguished Wilkins from the present case on the grounds that in Wilkins the Appeals Council evidence was uncontroverted. But in this case there was evidence in the record cited by the ALJ which contradicted Dr. Bailey's opinion. I think in many respects our argument in this case was akin to a harmless error argument where the ALJ made a number of valid findings in support of his decision. After the ALJ's decision, Meyer came forward and gave additional evidence to the Appeals Council which contradicted one of those findings. And our position in this case was that even if you eliminated that one finding, we still had other substantial evidence, other valid reasons for supporting the ALJ's decision. Unless the panel has other questions about Dr. Bailey's opinion, I wanted to touch briefly on the issue of appointment-related absenteeism. First of all, Meyer did not specifically present this issue to the ALJ in this case. And so I think that it's difficult to say that the ALJ erred in this regard. Looking at the court's discussion of this issue in its decision, it did not find specifically an error by the ALJ. The court also did not identify this issue as an independent basis for reversal. It discussed it in a one-paragraph footnote at the end of its decision and instructed the commissioner to consider this issue as the case was already going back on remand. In light of this record, the district court did not abuse its discretion when it found that the court reversed the commissioner on one limited issue pertaining to Dr. Bailey's opinion. Was the physical therapy issue argued all along? Meyer did present this issue at both the district court level and before this court. But as I said, he did not specifically argue it to the ALJ in this case. He didn't argue it to the ALJ? He did not argue it to the ALJ in this case, specifically. It's also worth noting that this was an issue that seems to have been a matter of first impression before this court. While this court chose to follow a Fifth Circuit case or to cite a Fifth Circuit case in its decision, the commissioner made reasonable arguments based on cases from other jurisdictions, including the Tenth Circuit decision in Barnett v. Apfel. Again, this was a unique issue involving a matter of first impression within the circuit. And the district court did not abuse its discretion in finding the commissioner's position in this case substantially justified. Unless there are further... Where is the commissioner's position right now on this issue? I believe that... Not in this case. Right. Obviously, we did not further appeal. Right. I mean, I think that based on our regulations and our rulings, we do tend to concur with the Tenth Circuit's analysis in Barnett, that where especially a claimant hasn't offered anything to show that they would have to miss entire days of work because of a medical appointment or physical therapy appointment. You didn't seek cert in this case. Yes, Your Honor. And we're not disputing any aspect of this court's prior decision. Unless there are further questions from the panel, the commissioner respectfully requests that this court affirm the district court's judgment. Thank you. Thank you. DeWitt, do you have any more questions? Thank you, Your Honor. With regard to Dr. Bailey's opinion, part of this court's decision and the merits decision had to do with the primacy given a treating physician's opinion by the commissioner and its regulations. And that, in conjunction with the evidentiary gap that occurred here, was highly significant. Much of the commissioner's argument at the district court revolved around why that opinion was not important. And so the commissioner's position there was directly opposed to its stated position in its regulations that the commissioner will always give good reasons concerning the weight that it gives a treating source opinion. It was less that it was not important than that it wasn't necessary, given the other information in the record, as I recall. Is that not correct? Well, that is correct. But that argument, of course, got encroached on the fact-finding responsibility of the commissioner. And that's where the district court committed reversible error, by getting drawn into an analysis which really was for the commissioner to make. With regard to the new evidence submitted, I'm sorry, the evidence of frequent medical treatment. Right. Did you make that argument in front of the judge? I did not do it directly. It was indirectly. I argued at the hearing that Meyer had gone through exhaustive treatment. Just like the indirect argument that the government made that you say is a new argument. Well, I did. I argued that Meyer had not been able to sustain work on a regular and continuing basis. But I did not get right down to it. So that really came up in the district court. I think the error here with regard to this particular issue, the error by the district court, was that the district court, once again, got into a factual analysis of this issue in making its decision. It was based on an analysis of facts. Well, the fact-finder never made any facts about this particular issue. And that was improper for the court to do. Last of all, I did mention earlier that the purposes of the aegis should inform the court's decision here. Quite often in cases in the past, the commissioner would contact the plaintiff's attorney in certain cases and say, look, we'll consent to a remand in this case. It's appropriate. And that used to happen a lot. It's not happening as much anymore. Well, in this case, you conceded on some issues was just the circuit precedent was a mess. And district courts were at sea. Oh, absolutely. So how could the government have said, well, we'll just put this one in the closet and wait for another day? Well, which case do you choose? Everybody needed to have some of these issues resolved. Right. Well, I take your point, Your Honor, that the commissioner has to make a decision which cases to take up. I don't believe this is an appropriate case because of the facts here regarding this is the only treating physician opinion. It was not submitted earlier. And there was no particular requirement that we showed that we made efforts to submit it earlier. In fact, that was the case. Thank you.
judges: Diana Gribbon Motz, Robert B. King, Allyson K. Duncan